IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RYAN MOORE, an individual and AMANDA MOORE, an individual<br><br>       Plaintiffs,<br><br>  - against-<br><br>CORRIGAN MOVING AND STORAGE CO., a Michigan Corporation and UNITED VAN LINES, LLC<br><br>       Defendants. | )<br>)<br>) Civil Action No.<br>)<br>)<br>) **NOTICE OF REMOVAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

To the Judges of the United States District Court for the Eastern District of Michigan:

This Notice of Removal is submitted on behalf of defendant, UNITED VAN LINES, LLC ("UNITED"), with the concurrence of defendant CORRIGAN MOVING AND STORAGE CO. ("CORRIGAN") which respectfully allege the following:

1. On or about May 28, 2025 plaintiffs RYAN MOORE and AMANDA MOORE commenced an action in the State of Michigan, Oakland County 6TH Judicial Circuit (Case No. 2025-215124-CZ) asserting claims against defendants UNITED and CORRIGAN for (A) negligence and (B) violation of the Michigan Consumer Protection Act (MCPA) arising out of the interstate shipment of plaintiffs' household goods from Michigan to North Carolina.

2. Copies of plaintiffs' filed Complaint and its accompanying Exhibit "A" are annexed hereto as Exhibit "1."

3. Service of process was received by UNITED through its registered agent on June 16, 2025 and service of process was received by CORRIGAN on June 17, 2025.

4.      This Notice of Removal is filed within thirty (30) days of UNITED's receipt of the Complaint and timely filed pursuant to 28 U.S.C. §1446(b).

5.      Removal of a civil action from state court to federal court is governed by 28 U.S.C. § 1441, *et seq*. Section 1441(a) states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6.      This Court has federal subject matter jurisdiction over the action on the following grounds.

## I.      ICC TERMINATION ACT OF 1995.

7.      At all relevant times, UNITED is and was an interstate household goods motor carrier of property for hire operating under the authority of the ICC Termination Act of 1995 ("ICCTA") and Department of Transportation, Surface Transportation Board ("STB") pursuant to its interstate motor carrier license number MC-67234/USDOT 77949 (Exhibit "2," McCabe Decl. ¶2).

8.      At all relevant times, CORRIGAN acted solely as UNITED's disclosed statutory "Booker" and "Origin" household goods agent within the meaning of 49 U.S.C. §13907(a) as reflected in UNITED's interstate Bill of Lading No. U0611-27506-3, dated June 13, 2023 issued to plaintiffs covering plaintiffs' Michigan-North Carolina shipment (Exhibit "2," McCabe Decl. ¶9; Exhibit "3," p. 3 of 5).

9.      UNITED and CORRIGAN are sued herein under the laws of the United States, specifically the ICCTA statute, 49 U.S.C. Sec. 101, et. seq., and the Code of Federal Regulations

("C.F.R.") 49 C.F.R. Part 375.  Therefore, federal law exclusively governs the interstate shipment at issue and plaintiffs' claims against defendants.

10.    As recited in the Complaint, this case concerns a civil action alleging that "during the moving process" defendants' breached duties with respect to interstate transportation services in performing a Bill of Lading contract to "handle," "pack," "transport" and "move" plaintiffs' household goods from Michigan to North Carolina (Exhibit "1," ¶¶ 6,9, 10, 13 and 16).

11.    UNITED's above-referenced moving services described in the Complaint are defined by the ICCTA statute as part of interstate "transportation" [49 U.S.C. Sec. 13102(23)(B)] and household goods motor carrier" services [Sec. 13102(12)].

12.    The Complaint (Exhibit "1," ¶ 32, 33 and 40) alleges compensatory damages in excess of $65,000.00, plus treble damages under the MCPA, the total amounts of which exceed $10,000.00 within the meaning of 28 U.S.C. §§1337(a) and 1445(b).

13.    Annexed to Plaintiffs' Complaint (Exhibit "1") is a Bloomfield Township Police Department Case Report, dated June 14, 2023, which recites that plaintiffs reported alleged losses of cash ($40,000.00) as well as gold coins, antique coins and silver bars with a claimed value of over $100,000.00 (Exhibit "1(A)", pp. 6-7), the total amounts of which exceed $10,000.00 within the meaning of 28 U.S.C. §§1337(a) and 1445(b).

14.    By letter, dated October 30, 2023, (Exhibit "4"), counsel for plaintiffs advised UNITED of their property loss claim totaling $9,411,238.80 arising out of their interstate Bill of Lading (Exhibit "3") contract with UNITED and UNITED's hiring of two (2) laborers to assist with the handling, packing, moving, loading and transportation of plaintiffs' interstate shipment at their residence in Bloomfield Township, Michigan.

15.     The United States Supreme Court held in *Thurston Motor Lines, Inc. v. Rand, Ltd.*, 460 U.S. 533, 535 (1983):

> As to interstate shipments ... the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligations.

16.     In *Hughes Transportation v. United States*, 121 F.Supp. 212, 228 (Ct.Cl. 1954) the United States Court of Claims held:

> Transportation contracts, like contracts for service in most of the other state or federally regulated industries, such as communications and power and light, etc., are fundamentally different from the ordinary contract in that the respective ***duties of the contracting parties are carefully defined by statute,*** and their rights -- indeed, their very ***freedom to contract in certain respects -- are strictly limited by those statutes*** regardless of the parties' knowledge of those restrictions or of their manifest desire to contract otherwise (emphasis added).

17.     Based on the above facts and governing federal law, this action arises under the laws of the United States within the meaning of 28 U.S.C. §§ 1331 and 1337.

## II.     **DIVERSITY OF CITIZENSHIP.**

18.     The Complaint (Exhibit "1," ¶¶ 1-3) alleges plaintiffs are citizens of the State of North Carolina, UNITED is a Missouri limited liability company and CORRIGAN is a Michigan corporation.

19.     UNITED's principal place of business is in Fenton, Missouri.  UNITED's sole limited liability company member is Transportation Services Group, Inc., a Missouri corporation with its principal office in Fenton, Missouri.  A copy of defendants' Corporate Disclosure Statement is attached as Exhibit "5."

20.     CORRIGAN's principal place of business is in Auburn Hills, Michigan.

21.     CORRIGAN is not "properly joined" in this action within the meaning of 28 U.S.C. § 1441(b)(2) because it has no independent legal duty or liability to plaintiffs in its capacity as UNITED's Bill of Lading disclosed statutory household goods "Booker" and "Origin" agent pursuant to 49 U.S.C. Sec. 13907(a) and 49 U.S.C. Sec 14501(c).

22.     As CORRIGAN has no independent legal duty or liability to plaintiffs under the controlling federal law, CORRIGAN's citizenship is irrelevant to the Court's determination of diversity of citizenship jurisdiction under the "fraudulent joinder" doctrine *Tippett v. Nestle USA, Inc.* 2025 WL 1592230 (N.D. Ohio 2025).

23.     Based on the foregoing facts and plaintiffs' alleged actions in the Complaint with respect to the parties' citizenship when the Complaint was filed, there is diversity of citizenship between the parties and the total amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

24.     Therefore, this action is removable under 28 U.S.C. Section 1441(a) as one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a).

25.     Written notice of the filing of the within Notice of Removal has been served by mail on plaintiffs' counsel and a copy of this Notice of Removal has been forwarded by mail to and e-filed with the Clerk of the Court for Oakland County, Michigan.

WHEREFORE, defendants UNITED VAN LINES, LLC and CORRIGAN MOVING & STORAGE CO., pray that the matter be removed from the Oakland County, 6th Judicial Circuit Court to this Honorable Court.

Respectfully submitted,

SCOPELITIS, GARVIN, LIGHT,
HANSEN & FEARY

Dated:  July 14, 2025

By:    /s/ Michael J. Tauscher
        Michael J. Tauscher (P32718)
        100 West Big Beaver, Suite 200
        Troy, MI  48084
        Telephone:  313-237-7403
        Facsimile:  (313) 963-7425
        mtauscher@scopelitis.com

*Attorney for Defendants Corrigan Moving*
*And Storage Co. and United Van Lines, LLC*

## DECLARATION OF SERVICE

MICHAEL J. TAUSCHER declares that he is not a party to this action and is over 18 years of age.  That on July 14, 2025 deponent served the within Notice of Removal by regular mail and e-mail on the following attorneys:

> Christopher Cataldo, Esq.
> TAFT, STETTINIUS & HOLLISTER, LLP
> 27777 Frankling Road
> Suite 2500
> Southfield, MI 48034

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 14, 2025.

Respectfully submitted,

SCOPELITIS, GARVIN, LIGHT,
HANSEN & FEARY

Dated:  July 14, 2025

By:   /s/ Michael J. Tauscher
      Michael J. Tauscher (P32718)
      100 West Big Beaver, Suite 200
      Troy, MI  48084
      Telephone:  313-237-7403
      Facsimile:  (313) 963-7425
      mtauscher@scopelitis.com

      *Attorney for Defendants Corrigan Moving*
      *And Storage Co. and United Van Lines, LLC*