# Exhibit 1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>6th **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY** | | **SUMMONS** | **CASE NUMBER**<br>2025-215124-CZ<br>JUDGE MARY ELLEN BRENNAN |

| Court address | Court telephone number |
|---|---|
| 1200 N. Telegraph Road, Pontiac, MI 48341 | (248) 858-0344 |

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| RYAN MOORE, an individual,<br>and AMANDA MOORE, an individual | v | CORRIGAN MOVING AND STORAGE CO., a Michigan Corporation |

| Plaintiff's attorney bar number, address, and telephone number | |
|---|---|
| J. Christopher Cataldo (P39353)<br>Michelle C. Harrell (P48768)<br>27777 Frankling Road, Suite 2500<br>Southfield, MI 48034 | This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file **a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 5/28/2025 | 08/27/2025 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

| | |
|---|---|
| RYAN MOORE, an individual, And AMANDA MOORE, an Individual, <br><br> Plaintiffs, <br><br> v <br><br> CORRIGAN MOVING AND STORAGE CO., a Michigan corporation, UNITED VAN LINES, LLC, and A Missouri Limited Liability Company, Jointly and Severally, <br><br> Defendants. _____/ | Case No. 25-    -CZ <br> Hon.   2025-215124-CZ <br>        JUDGE MARY ELLEN <br>        BRENNAN |

TAFT, STETTINIUS & HOLLISTER, LLP
J. Christopher Cataldo (P39353)
Michelle C. Harrell (P48768)
Attorneys for Plaintiffs
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
CCataldo@taftlaw.com
MHarrell@taftlaw.com
_____/

There is no other pending or resolved civil
action arising out of the transaction or
occurrence alleged in the Complaint.

## COMPLAINT

Plaintiffs, through its counsel, Taft Stettinius & Hollister LLP, and for their Complaint, state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are individuals who, at the time of the transaction and occurrence set forth in this Complaint, were residents of Bloomfield Township, Oakland County, Michigan and currently reside in the City of Asheville, North Carolina.

2. Defendant, CORRIGAN MOVING AND STORAGE CO. ("Corrigan") is a Michigan corporation with an address of 2595 Featherstone Road, City of Auburn Hills, Oakland County, State of Michigan 48335.

3. Defendant, UNITED VAN LINES, LLC ("UVL") is a Missouri limited liability company with an address of 1 United Drive, Fenton, Missouri 63026, but is licensed, and conducts business in, Oakland County, State of Michigan.

4. Jurisdiction is proper in this Court as the amount in controversy is more than $25,000.00.

5. Venue is also proper in this Court pursuant to MCL 600.1621(a).

## GENERAL ALLEGATIONS

6. After researching and reviewing its online representations and advertisements, Plaintiffs contacted Corrigan to arrange for, and handle, their residential relocation from Michigan to North Carolina.

7. On its website, Corrigan included the following representations, among others, directed to the public and potential customers, including Plaintiffs:

   (a) "We employ the top people in the industry and then teach them better than anyone else in the moving industry. Most moving companies use on-the-job training. That makes your house or business as a training ground for people to begin to learn what they're doing. Instead, we have built and furnished a comprehensive living space where new employees train to learn the skills needed to be quality movers before stepping foot inside your home."

2

(b) "For Corrigan moving, professionalism and reliability are not optional. They are essential. We do not offer half-baked choices – not in our services and not in our movers. That is why we do not permit on-the-job training. Our staff do not use your home as a training range. They do not learn on your belongings. Alternatively, we constructed our own training facility at our headquarters where we reproduce realistic moving conditions and educate our teams. . . Because of this, you are getting a complete mover: fully taught, dependable, flexible."

(c) "We maintain some of the most skilled long-distance movers and drivers in the United States."

(d) "The expertise of our movers undergoes thorough training to guarantee they are equipped to handle any situation, delivering renowned service and peace of mind for those we serve."

(e) "Safeguarding specialty items and fragile items is a notable concern for families and individuals beginning a journey to a new home."

(f) "With Corrigan Moving Systems, you can trust that you're working with a reputable and trustworthy moving company that emphasizes honesty, clarity, and customer satisfaction."

(g) "Our employees are the best in the industry, I whole-heartedly believe that." – David Corrigan, President of Corrigan Moving Systems.

8. Plaintiffs arranged for their residential move through Corrigan.

9. On the date of their move, June 14, 2023, Corrigan's affiliate, UVL, appeared at Plaintiffs' residence to pack and transport Plaintiffs' household items.

10. UVL charged Plaintiffs more than $14,000 to handle the packing and transport of Plaintiffs' household items.

11. During their move, UVL's lead driver advised Plaintiffs to pack and move items of special and significant value themselves and to place those items in their personal vehicles.

12. Plaintiffs followed the direction from UVL and packed up their cash in a briefcase which was placed next to one of their personal vehicles and a coin collection that was in several boxes place inside one of their personal vehicles.

13.   Defendants had several movers present inside and outside of Plaintiffs' home during the moving process.

14.   Plaintiffs relied upon Defendants that such movers were trained and vetted to be safe, reliable and trustworthy in their home and around their family and household items, and would be adequately supervised.

15.   Unbeknownst to Plaintiffs, Defendants utilized untrained, unvetted and untrustworthy individuals as movers for residential relocations such as for Plaintiffs and then failed to adequately supervise them.

16.   During the move, Plaintiffs noticed that the briefcase had been unzipped and the cash inside was missing and, upon inspection, determined that one of three boxes inside their personal vehicle containing a significant portion of the coin collection was missing.

17.   Plaintiffs called the police and made a police report of the theft. *See*, **Exhibit A**, Police Report.

18.   Defendants' employee told police that he witnessed two of the movers carrying the box away from Plaintiffs' home but did not report the activity to Plaintiffs.

19.   The two movers who had taken the items were known only as "Terrence" and "Earl" to Defendants, and Defendants' supervisor could not provide identifying information about these two individuals other than these names that he had been given.

20.   Defendants did not know if the two names given by the two individuals were actually their names, and Defendants did not have any last names, addresses or other identifying information to provide to Plaintiffs or the police.

21.   According to Defendants' employees and supervisor, the two individuals who took Plaintiffs' valuable items left with the items and did not return to the moving job.

4

22. According to Defendants' employees, Defendants will often hire individuals "off the street" or off of Facebook to work as movers the day of the moving job.

23. Plaintiffs were told that Defendants often "subcontract" with an entity known as "Move to Move" through Facebook to obtain workers for the moving jobs on the day of or immediately prior to the moving date.

24. Defendants pay these random individuals using CashApp without knowing their backgrounds (including criminal histories) or obtaining identifying personal information about who they are sending into customers' homes.

25. After this theft, the two subject individuals blocked Defendants' supervisor on social media and the phone number when called went unanswered.

26. According to the State of Michigan, there is no valid entity formed or existing shown as "Move to Move" and such name is not an assumed name for any other entity.

27. Upon information and belief, Defendants did not conduct any reasonable due diligence or investigation (including job applications, background/criminal checks) into "Move to Move" or the individuals provided to work as movers, including the persons who stole Plaintiffs' property, or provide them with training or adequate supervision. The Defendants' employee and supervisor told the Plaintiffs that he usually shows up on site at the start of the move to take a photograph of the people hired off Facebook to conduct the move along with a photograph of their driver's license, but conceded that such preventative measures were not used in this case.

28. Plaintiffs' items have never been recovered.

29. When contacted about the stolen items and Defendants' reckless, dangerous and unprofessional staffing practices, Defendants' response was that Defendants are not legally responsible for the criminal activity of employees or others.

30. As a result of Defendants' conduct, including their acts and omissions described above, the two individuals who turned out to be thieves with unknown criminal histories, had access to, and entered, Plaintiffs' home under the circumstance where they knew that Defendants had no record of their identity or ability to trace them after the move.

31. Upon information and belief, Defendants engage in this reckless staffing practice as part of its business thereby jeopardizing the safety of numerous persons and families that hire them and trust them with their homes. This dangerous and reckless staffing practice is exacerbated by the fact that the Defendant then fails to adequately supervise these workers during the move and during the period that they have access to the personal possessions of the Plaintiffs.

32. Plaintiffs have suffered damages due to the lost cash stolen from the briefcase in the amount of $40,000.

33. Plaintiffs have suffered damages in the amount in excess of $25,000 to be determined at trial in lost coins that were stolen from Plaintiffs' coin collection, exclusive of interest and costs.

34. Plaintiffs reasonably trusted and relied upon Defendants to send honest, trustworthy and trained individuals and to adequately supervise them during the Plaintiffs' household move.

## COUNT I: NEGLIGENCE

35. Plaintiffs incorporate all previous allegations as if fully restated herein.

36. Defendants owed Plaintiffs a duty of care to provide trained, reliable and safe individuals to their home as movers.

37. Defendants owed Plaintiffs a duty of care to supervise all movers who were involved in the Plaintiffs' relocation, including all movers present on Plaintiffs' property. Further, Defendants had a duty of care to adequately screen and keep records of the identity of the persons

that it hired and gave access to the possessions and home of the Plaintiffs and to supervise such persons during the move to ensure that they do not steal from the customers.

38. Defendants breached their duties to Plaintiffs, including without limitation their duty to provide trained, reliance and safe individuals as movers before allowing them into the homes of their customers, and have also breached their separate and distinct duty to adequately supervise their workers while they are in the homes of their customers and keep records of their identity to that they could be located or traced after the sale.

39. The harm and damage caused to Plaintiff was foreseeable and avoidable if the Defendants had exercised ordinary care. Indeed, due to the negligence of the Defendants, the two individuals were enabled to commit their criminal conduct with the knowledge that they were not being adequately supervised and that the Defendants had no record of their identity.

40. As a direct and proximate result of the Defendants' breach of their duties to Plaintiffs, Plaintiffs have suffered damages in excess of $25,000 to be proven at trial, plus costs, interest and reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor Plaintiffs against Defendants, jointly and severally, in the amount in excess of $25,000 to be proven at trial, plus costs, interest and reasonable attorney fees.

## COUNT II: VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

41. Plaintiffs incorporate all previous allegations as if fully restated herein.

42. Defendants are engaged in "trade or commerce" as that term is defined in the Michigan Consumer Protection Act ("MCPA") at MCL 445.902(g), as "the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service

or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity."

43. Defendants engaged in the following "unfair, unconscionable or deceptive methods, acts or practices" in violation of MCL 445.903:

> (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.
>
> (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.
>
> (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
>
> (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.
>
> (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

44. Defendants have violated, and upon information and belief, continue to violate the MCPA.

45. If Plaintiffs had known the true facts regarding the movers sent to their home, they would not have hired Defendants.

46. Pursuant to the MCPA, MCL 445.911(2), Plaintiffs are entitled their actual damages, together with reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor Plaintiffs against Defendants, jointly and severally, that:

(A) Awards Plaintiff damages in the amount in excess of $25,000 plus costs, interest and reasonable attorney fees;

(B) Declares that Defendants' methods, acts and practices of advertising its services and its hiring and staffing practices are unlawful, misleading and deceptive to consumers; and

(C) Enjoins and restrains Defendants from engaging in further false and deceptive advertising and practices regarding the staffing of relocation services provided by Defendants, or such other relief that this Court consider just and proper.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

/s/ *Michelle C. Harrell*
J. Christopher Cataldo (P39353)
Michelle C. Harrell (P48768)
Attorneys for Plaintiffs
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
CCataldo@taftlaw.com
MHarrell@taftlaw.com

Dated: May 27, 2025

# EXHIBIT A

| CR No: 230012433-001 | Report Type: Crime Report | Officer: BTBALLA (00218) | 001 |

# BLOOMFIELD TOWNSHIP PD
4200 TELEGRAPH RD.
BLOOMFIELD HILLS MI 48302
248-433-7755



## Case Report

### Administrative Details:

| CR No | Subject |
|---|---|
| 230012433-001 | 2399 - Larceny (Other) [23007] |
| **Report Date/Time** | **Occurrence Date/Time** |
| 06/14/2023 15:28 | From: 06/14/2023 13:15   To: 06/14/2023 15:15 |
| **Location** | **Call Source** |
| 3250 CHESTNUT RUN DR | 911 |
| **Dispatched Offense** | **Verified Offense** |
| 2399 Larceny (Other) | 2399 Larceny (Other) |
| **County** | **City/Twp/Village** |
| 63 - Oakland | 03 - Bloomfield Twp |
| **Division** | |
| Patrol | |
| **Report Type** | |
| Crime Report | |
| **Created By** | **Created Date/Time** |
| ANDY BALL | 06/14/2023 04:40 PM |
| **Verified By** | **Verified Date/Time** |
| SYSTEM | 06/14/2023 06:10 PM |
| **Approved By** | **Approved Date/Time** |
| AJ SPARKS | 06/14/2023 06:12 PM |

| CR No: 230012433-001 | Report Type: Crime Report | Officer: BTBALLA (00218) | 001 |
|---|---|---|---|

## Offenses:

### 2305 - Larceny - Personal Property from Vehicle - LFA   [BTBALLA (00218)]

| IBR Code / IBR Group | Offense File Class | |
|---|---|---|
| 23F - Theft From Motor Vehicle / A | 23005 - LARCENY -THEFT FROM MOTOR VEHICLE | |
| Crime Against | Location Type | Offense Completed |
| PR | 20 - Residence/Home | Completed |
| Domestic Violence | Hate/Bias | |
| No | 00 - None (No Bias) | |
| Using | | Cargo Theft |
| A-Alcohol: No   C-Computer Equipment: No   D-Drugs/Narcotics: No | | No |

### 2399 - Larceny (Other)   [BTBALLA (00218)]

| IBR Code / IBR Group | Offense File Class | |
|---|---|---|
| 23H - All Other Larceny / A | 23007 - LARCENY -OTHER | |
| Crime Against | Location Type | Offense Completed |
| PR | 20 - Residence/Home | Completed |
| Domestic Violence | Hate/Bias | |
| No | 00 - None (No Bias) | |
| Using | | Cargo Theft |
| A-Alcohol: No   C-Computer Equipment: No   D-Drugs/Narcotics: No | | No |

## People:

### SUSPECT, EARL   (S-SUSPECT)   [BTBALLA (00218)]

| Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|
| SUSPECT | EARL | | | |

| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
|---|---|---|---|---|---|---|
| 40 | M | BLACK/AFRICAN AMERICAN | UNKNOWN | | | |

| Complexion | Build | Teeth | Height | Weight | Attire |
|---|---|---|---|---|---|
| Dark Brown | Medium | | 5' 10" | 180 | |

| Street Address | Apt # | County | Country | Home Phone | Work Phone |
|---|---|---|---|---|---|
| | | | | UNKNOWN | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| | | | | |

Notes
WENT BY THE NAME "EARL"

### SUSPECT, TERRENCE   (S-SUSPECT)   [BTBALLA (00218)]

| Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|
| SUSPECT | TERRENCE | | | |

| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
|---|---|---|---|---|---|---|
| 40 | M | BLACK/AFRICAN AMERICAN | UNKNOWN | | | |

| Eye Color | Hair Color | Hair Style | Hair Length | Facial Hair |
|---|---|---|---|---|
| | | | | Goatee and Mustache |

| Complexion | Build | Teeth | Height | Weight | Attire |
|---|---|---|---|---|---|
| Light Brown | | | 6' 0" | 150 | |

| Street Address | Apt # | County | Country | Home Phone | Work Phone |
|---|---|---|---|---|---|
| | | | | UNKNOWN | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| | | | UNKNOWN | |

| CR No: 230012433-001 | Report Type: Crime Report | Officer: BTBALLA (00218) | 001 |
|---|---|---|---|

### MOORE, RYAN BARRY (V-VICTIM) [BTBALLA (00218)]

| Victim Type | Victim of |
|---|---|
| I - Individual | 2305 - Larceny - Personal Property from Vehicle - LFA, 2399 - Larceny (Other) |

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | MOORE | RYAN | BARRY | | |

| Aliases | Driver License# | DL State | DL Country | Personal ID# |
|---|---|---|---|---|
| | M600755081042 | MI | | |

| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
|---|---|---|---|---|---|---|
| 01/15/1975 (48) | M | WHITE | Unknown | | | |

| Complexion | Build | Teeth | Height | Weight | Attire |
|---|---|---|---|---|---|
| | | | 5' 9" | 215 | |

| Street Address | Apt # | County | Country | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 3250 CHESTNUT RUN DR | | | | UNKNOWN | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| BLOOMFIELD HILLS | MI | 48302-1113 | 6616074951 | RYANBMOORE@CA.RR.COM |

Victim Injury

#### Victim Offender Relationships

| Offender | Type | Relationship |
|---|---|---|
| SUSPECT, EARL | S-SUSPECT | 98-Victim Was Stranger |
| SUSPECT, TERRENCE | S-SUSPECT | 98-Victim Was Stranger |

### DILLARD, JASON VASHON (O-OTHER) (I-PERSON INTERVIEW) [BTBALLA (00218)]

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | DILLARD | JASON | VASHON | | |

### CALLOWAY JR, NORRYS ORLANDER (O-OTHER) (I-PERSON INTERVIEW) [BTBALLA (00218)]

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | CALLOWAY | NORRYS | ORLANDER | JR | |

### RONK, ROB (O-OTHER) (L-LAW ENFORCEMENT OFFICER) [BTBALLA (00218)]

| CR No: 230012433-001 | Report Type: Crime Report | Officer: BTBALLA (00218) | 001 |
|---|---|---|---|

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | Ronk | Rob | | | |

| Street Address | Apt # | County | Country | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 4200 Telegraph Rd. | | OAKLAND | USA | | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| Bloomfield Hills | MI | 48302 | | |

**Phone/Email**

| Type | Description |
|---|---|
| BU-Business Phone #1 | 248-433-7755 |

### BALL, ANDY (O-OTHER) (L-LAW ENFORCEMENT OFFICER) [BTBALLA (00218)]

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | Ball | Andy | | | |

| Street Address | Apt # | County | Country | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 4200 Telegraph Rd. | | OAKLAND | USA | | |

| City | State | Zip | Cell Phone | Email |
|---|---|---|---|---|
| Bloomfield Hills | MI | 48302 | | |

**Phone/Email**

| Type | Description |
|---|---|
| BU-Business Phone #1 | 248-433-7755 |

## Property:

### 2102 - Bills/Money - Misc./Assorted 5420 [BTBALLA (00218)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 20 | 20 - Money | A - Currency, Notes, Etc... | Count | Value |
| Status | | | 1 | 40000 |
| S - Stolen/Etc. (Bribed/Defrauded/Embezzled/Ransomed/Etc.) | | | | |
| Manufacturer | Model | Serial No. | License No. | Color |
| US | | | | |
| Description | | Disposition | Evidence Tag | |
| US CURRENCY | | | | |
| Recovered Date/Time | Location | Owner [V41524748] MOORE, RYAN BARRY | | |

### 2602 - Gold 5417 [BTBALLA (00218)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 17 | 17 - Jewelry/Precious Metals | B - Jewelry & Precious Metals | Count | Value |
| Status | | | 100 | 50000 |
| S - Stolen/Etc. (Bribed/Defrauded/Embezzled/Ransomed/Etc.) | | | | |
| Manufacturer | Model | Serial No. | License No. | Color |
| CANADA | | | | |
| Description | | Disposition | Evidence Tag | |
| 1976 OLYMPIC GOLD COINS | | | | |
| Recovered Date/Time | Location | Owner [V41524748] MOORE, RYAN BARRY | | |

### 2607 - Silver 5417 [BTBALLA (00218)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 17 | 17 - Jewelry/Precious Metals | B - Jewelry & Precious Metals | Count | Value |
| Status | | | 32 | 20000 |
| S - Stolen/Etc. (Bribed/Defrauded/Embezzled/Ransomed/Etc.) | | | | |
| Manufacturer | Model | Serial No. | License No. | Color |
| US | | | | |
| Description | | Disposition | Evidence Tag | |

| CR No: 230012433-001 | | Report Type: Crime Report | | Officer: BTBALLA (00218) | | 001 |
|---|---|---|---|---|---|---|

| SILVER 1OZ BARS | | | | |
|---|---|---|---|---|
| Recovered Date/Time | Location | | Owner [V41524748] MOORE, RYAN BARRY | |

### 2607 - Silver 5417 [BTBALLA (00218)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 17 | 17 - Jewelry/Precious Metals | B - Jewelry & Precious Metals | | |
| Status | | | Count | Value |
| S - Stolen/Etc. (Bribed/Defrauded/Embezzled/Ransomed/Etc.) | | | 100 | 50000 |
| Manufacturer | Model | Serial No. | License No. | Color |
| UK | | | | |
| Description | | Disposition | Evidence Tag | |
| PRE-REVOLUNTIONARY WAR SILVER COINS | | | | |
| Recovered Date/Time | Location | Owner [V41524748] MOORE, RYAN BARRY | | |

### 3501 - Automobile/Car/Vehicle (not Stolen Or Recovered) 5403 [BTBALLA (00218)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 03 | 03 - Automobiles | V - Other Vehicle (not Stolen or Recovered) | | |
| Status | | | Count | Value |
| I - Information Only | | | 1 | 1 |
| Manufacturer | Model | Serial No. | License No. | Color |
| GMC | TERRAIN | | | BLK - Black |
| Vehicle Year | Body Style | | State | License Year |
| Description | | Disposition | Evidence Tag | |
| SUV W/ RED CRYSTALS ON THE HANDLES | | | | |
| Recovered Date/Time | Location | Owner [S41524740] SUSPECT, TERRENCE | | |

### 3501 - Automobile/Car/Vehicle (not Stolen Or Recovered) 5403 [BTBALLA (00218)]

| Property Class | IBR Type | UCR Type | | |
|---|---|---|---|---|
| 03 | 03 - Automobiles | V - Other Vehicle (not Stolen or Recovered) | | |
| Status | | | Count | Value |
| I - Information Only | | | 1 | 1 |
| Manufacturer | Model | Serial No. | License No. | Color |
| FORD | EXPLORER | 1FMSK8DH8MGA80464 | EKN9813 | GRY - Gray |
| Vehicle Year | Body Style | | State | License Year |
| 2021 | | | MI | |
| Description | | Disposition | Evidence Tag | |
| SUV | | | | |
| Recovered Date/Time | Location | Owner [V41524748] MOORE, RYAN BARRY | | |

### Narrative:

Incident: LARCENY

Date/Time: 6/14/2023 13:15

Location: 3250 CHESTNUT RUN DR

| CR No: 230012433-001 | Report Type: Crime Report | Officer: BTBALLA (00218) | 001 |
|---|---|---|---|

Victim: RYAN MOORE

Suspect: EARL, TERRENCE

On the above date/time I was dispatched to the listed address on a report of larceny. Upon arrival I met with Ryan Moore (victim) and Norrys Calloway (r/p). The victim advised that he had hired Corrigan/United Van Lines to move his property from the listed address to his new home in North Carolina. The r/p is the driver for United Van Lines and was working in conjunction with Jason Dillard also a driver for United Van Lines.

The r/p sub-contracted Move to Move (574-298-4079) out of Detroit to help in loading items onto the trucks. The r/p stated that two subjects from this company identified only as Earl and Terrence arrived at the listed address to assist in loading. The r/p indicated that it is common for him to sub-contract movers in the cities where he is loading items as well as in the cities designated as the delivery location. The r/p stated that the subjects arrived and began working both inside and outside the residence. The r/p and Mr. Dillard both stated they could positively identify Earl and Terrence if they were to see them again.

The victim stated that he left the residence at approximately 12:45 to go to the bank leaving the aforementioned subjects to continue their work. When he returned home at 15:15 he discovered a leather zippered briefcase that had been in the driveway on the passenger side of his car with other personal items was open. Missing from this briefcase was $40,000 in US currency. Upon further inspection of this vehicle, he discovered a banker's box that had been behind the driver seat was also missing. This box contained over $100,000 in gold 1976 Canadian Olympic coins, silver pre-revolutionary war coins with King Georges face, and (32) 1oz bars of silver. The briefcase in question had been left in the driveway next to the vehicle unsecured and the vehicle itself had been left unlocked. ID Officer Ronk responded to process the vehicle (see ID report). The victim indicated the home and vehicle are insured through State Farm.

When the victim notified the r/p of the theft he was told that Terrence and Earl had left at 13:15 saying they were going to lunch and never returned to the job site. When the r/p tried to contact them, they had blocked him from Facebook and the phone number provided went straight to voicemail. The r/p indicated that the two suspects were driving a black GMC Terrain with red crystals on the door handles but did not have any plate information. The r/p notified

Corrigan/United Van Lines and his supervisor Mark Wimmer was able to look up the phone number provided by Move to Move in Cash App. The phone number provided is registered to Steven Winchester                                                   Mr Wimmer also looked up Steven Winchester in Linked In and noted that he had been previously employed by Jim Callan of Callan & Woodworth Moving & Storage (219-874-3274)                         in the past year.

   At the time of this report there is no additional suspect information available and a canvass for security footage was negative.